UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANGELA BROOKS-NGWENYA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:16-cv-183 |
| NATIONAL HERITAGE ACADEMIES, | ) | |
| Defendant. | ) | |

## OPINION & ORDER

Angela Brooks-Ngwenya has two cases pending in this district that allege copyright infringement of an educational model she developed in 2002 called Transitioning into Responsible Students (TIRS).[1] This case alleges National Heritage Academies infringed her copyright by using an educational model that replicates TIRS. (DE 1 at 2.) NHA moves to dismiss on grounds that Brooks-Ngwenya has failed to allege that NHA copied or created derivative works from copyrighted text. (DE 6; DE 7.) For the reasons below, NHA's motion to dismiss is granted.

## Background

The facts alleged in the three-page complaint are sparse, but here's what can be pieced together from complaint (DE 1), plaintiff's briefs[2] (DE 11, DE 19), and the

---

[1] The other case is *Brooks-Ngwenya v. The Mind Trust*, No. 1:16-cv-193 (N.D. Ind. June 6, 2016).

[2] Plaintiff filed a document titled "Motion to Submit Plaintiff's Oral Response and Documents in Support of 'Please Do Not Dismiss This Case," which inaccurately shows The Mind Trust as the defendant, but references this matter's case number and refers to NHA's motion to dismiss. (*See* DE 11.) The Mind Trust is the

hundreds of pages of supporting exhibits plaintiff filed (DE 1-1, DE 1-2, DE 11). In 2002 and 2003, Brooks-Ngwenya piloted "an academic behavior modification improvement program for underperforming public schools and students of all nationalities" called Transitioning Into Responsible Students ("TIRS") at Gambold Middle School in Indianapolis. (DE 1 at 3.) On May 26, 2006, she registered a copyright on a document titled "Transitioning Into Responsible Students," although it is unclear whether the copyrighted text was the TIRS Pilot Program Manual or some other document. (*Id.* at 17; *see also id.* at 13–98.) Subsequently, Bart Peterson, mayor of Indianapolis when TIRS was piloted, created the Mayor-Sponsored Charter Schools (MSCS) educational model. (*Id.* at 2.) Brooks-Ngwenya claims that MSCS is a replica of (or is at least derived from) TIRS and that Peterson distributed it to schools and educational entities without her permission. (DE 11 at 1; DE 1 at 2–3; DE 7 at 2.) Those entities included NHA, which used the MSCS program at Andrew J. Brown Academy, a charter school in Indianapolis. (*Id.*)

## Discussion

NHA has moved to dismiss Brooks-Ngwenya's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 6.) To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks

---

defendant in Brooks-Ngwenya's other copyright infringement case, but, seeing as there is no pending motion to dismiss in that case, it's clear she intended this document to be a response to NHA's motion.

and citations omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). I must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but I am not required to accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Finally, because Brooks-Ngwenya is representing herself, I must construe her complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The United States Copyright Act provides exclusive rights to the owner of a copyright to reproduce the copyrighted work and to prepare derivative works. 17 U.S. § 106. To state a claim for copyright infringement, Brooks-Ngweyna must allege that (1) she owned a valid copyright on TIRS materials and (2) NHA copied or created derivative works from the copyrighted materials. *See Janky v. Lake Cty. Convention & Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 157 (1975)). NHA does not dispute that the complaint alleges a valid copyright, so the only question is whether the complaint sufficiently alleges that NHA copied or created derivative works from copyrighted TIRS material.

The complaint utterly fails to do that. It concludes that "Andrew J. Brown Academies is a replica of [TIRS]," but no where does the complaint allege that MSCS materials copy or are derived from copyrighted TIRS text. (*See* DE 1 at 2–3.) The closest the plaintiff comes to alleging these necessary supporting facts is in her summaries of TIRS and the MSCS models, which, if placed side by side, allow one to compare some of

3

the structural components of the two programs. (*Compare* DE 1 at 5–12, *and* DE 1-2 at 1–7; *see also* DE 1 at 13–98 (TIRS manual); DE 1-2 at 8–109 (MSCS documents).) Doing that sort of comparison does not unmask any textual overlap or similarity in the TIRS and MSCS materials, although it does suggest that the two models share certain features, such as a before-school program and a summer work-study program. (*See id.*)

And similarities of that sort cannot infringe a copyright because a copyright only protects the "particularized expression of the idea." *See Pivot Point Intern., Inc. v. Charlene Prods., Inc.*, 372 F.3d 913, 929 (7th Cir.2004) (internal quotation marks and citation omitted). Here, that means that text materials Brooks-Ngwenya prepared for the TIRS program may have copyright protection, but the ideas and principles that underlie the program do not. As the Seventh Circuit put it in a similar case brought by Brooks-Ngwenya:

> Copyright protection does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work. It is not the idea that is protected, but rather the original expression of the idea.

*Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 808 (7th Cir. 2009) (internal quotation marks and citations omitted). To have alleged copyright infringement, the complaint must claim that the materials NHA used copied the language of the TIRS materials, or at least derived from it, and it simply doesn't. The complaint fails to state a plausible claim and must be dismissed.

**Conclusion**

For these reasons, NHA's Motion to Dismiss (DE 6) is **GRANTED**, and Brooks-Ngwenya's complaint is **DISMISSED WITHOUT PREJUDICE.** Brooks-Ngwenya is **GRANTED** leave to file an amended complaint that addresses the deficiencies identified above by no later than November 30, 2016 and is **CAUTIONED** that failure to do so may result in dismissal of this case with prejudice.

**SO ORDERED.**

ENTERED: November 1, 2016.

                                         s/ Philip P. Simon
                                         CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT