UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ANGELA BROOKS-NGWENYA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cv-183 |
| | ) | |
| NATIONAL HERITAGE ACADEMIES, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

Angela Brooks-Ngwenya brought this case alleging the National Heritage Academies has infringed her copyright on an educational model called Transitioning into Responsible Students ("TIRS"). I dismissed her initial complaint, which claimed that NHA used a "replica" of the TIRS model at a charter school in Indianapolis, because it failed to allege that NHA copied or made derivative works from plaintiff's copyrighted material. (DE 1 at 2; DE 35.) Brooks-Ngwenya has since filed an amended complaint, which alleges two claims against NHA: contributory infringement for using TIRS without her consent and intentional infliction of emotional distress for denying her employment, refusing to allow her to participate in the promotion of TIRS at NHA's school, and failing to acknowledge that she created the educational program. (DE 39 at 4.) The amended complaint also claims that the Indianapolis Public Schools—which is not a party to this case—breached a contract with the plaintiff. (*Id.* at 5.) NHA moves to dismiss on grounds that the amended complaint fails to allege any viable claim. (DE 41.) For the reasons below, the motion is granted.

**Background**

Like its predecessor, the amended complaint does a poor job of setting out the plaintiff's version of this story, and, worse, it muddies the water with irrelevant allegations about—and a count against—parties who are not defendants in this matter. But here's what I can make out that relates in some fashion to the conduct NHA is accused of. Brooks-Ngwenya alleges that she created the TIRS educational model. (DE 39 at 2.) According to the amended complaint, Bart Peterson, mayor of Indianapolis at the time, "implemented" TIRS at the Andrew J. Brown Academy in 2003, and a year later he hired NHA, a for-profit charter school management company, to run the school. (*Id.* at 2–3.) NHA allegedly continued to use TIRS at the Andrew J. Brown Academy after it took over, but denied Brooks-Ngwenya employment and the chance "to participate in the promotion" of the program and failed to acknowledge that she created it. (*Id.* at 3–4.) The complaint also claims that J.C. Huizenga, the founder and chairman of NHA, "adopted" the TIRS model and later "launched a high school initiative, . . . which he adopted from Andrew J. Brown Academy." (*Id.* at 3.)

On May 26, 2006, Brooks-Ngwenya registered a copyright on a document or a collection of documents related to the TIRS program. (*Id.* at 2.) It is unclear from the amended complaint whether the copyrighted text is the TIRS pilot manual attached to the initial complaint or some other document. (*See generally* DE 39; DE 1 at 13–98.)

Finally, Brooks-Ngwenya alleges in the amended complaint that NHA continues to use and profit from the TIRS program to this day. (DE 39 at 3.)

**Discussion**

NHA has moved to dismiss Brooks-Ngwenya's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 41.) To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks and citations omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). I must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, but I am not required to accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Finally, because Brooks-Ngwenya is representing herself, I must construe her complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The United States Copyright Act provides exclusive rights to the owner of a copyright to reproduce the copyrighted work and to prepare derivative works. 17 U.S. § 106. In her amended complaint, Brooks-Ngwenya does not claim that NHA itself infringed her copyright, but instead that the defendant was a contributory infringer. To make out a plausible claim of contributory copyright infringement, a complaint must allege that: (1) a third party infringed plaintiff's registered copyright; (2) the defendant knew about that infringement; and (3) the defendant materially contributed to it. *Monotype Imaging, Inc. v. Bitstream, Inc.*, 376 F. Supp. 2d 877, 883 (N.D. Ill. 2005).

Brooks-Ngwenya's amended complaint alleges *none* of the three elements of a

3

contributory infringement claim. It does not allege that NHA knew that Bart Peterson or any other party infringed Brooks-Ngwenya's copyright, and it contains no allegations about how NHA materially contributed to any copyright infringement. But an even bigger problem is that the amended complaint once again fails to plausibly allege that Brooks-Ngwenya's copyrighted *text* was actually infringed in the first place.

According to the complaint, Peterson "implemented TIRS at Andrew Brown Academy" and Huizenga "adopted [the] TIRS model" and later launched an educational initiative based on the model used at the Andrew J. Brown Academy NHA was hired to run. (DE 39 at 3.) But, as I explained when I dismissed the initial complaint, stealing another person's *ideas* does not constitute copyright infringement. (*See* DE 35 at 4.) Instead, a copyright protects the particular *words* that are used to express an idea. *See Brooks-Ngwenya v. Indy. Pub. Sch.*, 564 F.3d 804, 808 (7th Cir. 2009); *Pivot Point Intern., Inc. v. Charlene Prods., Inc.*, 372 F.3d 913, 929 (7th Cir. 2004). That means that someone could implement all the components of the TIRS educational program without infringing Brooks-Ngwenya's copyright, so long as they don't copy her copyrighted materials or use them to develop their own written materials.

And no where does the amended complaint allege that Peterson, Huizenga, or anyone else *copied* the copyrighted TIRS documents or used them create derivative works. (*See generally* DE 39 at 1–6.) True, in her response to NHA's motion,[1] Brooks-

---

[1] Brooks-Ngwenya filed three documents that purport to respond to NHA's motion to dismiss. (*See* DE 48; DE 49; DE 51.) The first and second appear to be identical, and both include a motion for leave to amend the complaint and a response to

Ngwenya says that Duncan Pritchert (who is not even mentioned in the amended complaint) "copied the language" of the TIRS materials when he created the Bridges to Success educational model and that Peterson "copied" TIRS language when he created the Programming for Success educational model, but this is too little too late. Even if this language had been in the amended complaint, these are legal conclusions that are unsupported by factual allegations of any sort of similarity between the materials Brooks-Ngwenya apparently copyrighted and those NHA uses at its school.[2] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The amended complaint does not state a plausible claim for contributory infringement, and so Count I must be dismissed.

That leaves the amended complaint's state law claims for intentional infliction of emotional distress and breach of contract. In general, "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998); *see also* 28 U.S.C. § 1367(c). Courts

---

the motion to dismiss. (*Compare* DE 48, *with* DE 49.) The motion for leave to amend the complaint has been denied (*see* DE 52), and only the second half of the twice-filed document is relevant to this motion. (*See* DE 48 at 8-14; DE 49 at 8-14.)

[2] Although the initial complaint also failed to allege any facts that would support a claim of copyright infringement, the exhibits included two documents with textual extracts from the TIRS program and Peterson's educational model. (*See* DE 1 at 5–12; DE 1-2 at 1–7.) Placing those documents side by side revealed structural similarities between the two programs, but did not suggest any similarity in the language used in the materials. (*Id.*)

recognize several exceptions to this general rule, including where the limitations statutes on the state claims have run, where the court has already invested substantial resources in deciding the state claims, and where it is "absolutely clear" how the state claims should be decided. *Wright v. Associated Ins. Cos.,* 29 F.3d 1244, 1251–52 (1994). No exception applies here, and so I decline to exercise jurisdiction over the state law claims in Counts II and III of the amended complaint. They will be dismissed without prejudice to Brooks-Ngwenya's ability to refile them in state court, if she thinks she can make out viable claims—for example, ones that don't suffer from the shortcomings NHA has identified in its motion to dismiss.

## Conclusion

For these reasons, NHA's Motion to Dismiss (DE 41) is **GRANTED**. Brooks-Ngwenya's claims against NHA for contributory copyright infringement (Count I) is **DISMISSED WITH PREJUDICE**, and her intentional infliction of emotional distress and breach of contract claims (Counts II and III) are **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court is **DIRECTED** to treat this matter as closed.

**SO ORDERED.**

ENTERED: January 6, 2017.

                                                       s/ Philip P. Simon
                                                     CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT